WRIGHT, Presiding Judge,
concurring specially.
I concur in the decision of the majority that the department, in the face of the commitment order, was not empowered to unilaterally dismiss Laura from its custody and give her into the custody of her parents. I agree that in the absence of legislative direction the department should have informed the court of its determination that Laura should be discharged and should have asked to be relieved of further custodial responsibilities.
However, I consider that the juvenile court acted arbitrarily in the contempt hearing by refusing to permit those charged to state the reason for their action and in determining whether discharge should be granted. The defendant persons sought to do so, but were denied the opportunity. It seems to me that a simple legal issue has been compounded because of offended concerns about areas of authority. There seems to be little practical reason why the procedure herein directed for this and such future cases should not have been instituted at the contempt hearing. Our supreme court has firmly established in our present rules of practice and procedure the principle that nicety of pleading is not required. In my opinion the finding of contempt of the defendants, without opportunity presented to show cause for their actions, was unwarranted in this case.